POTT (YOUNG v.). See Case No. 18,172.

POTTAWATTAMIE COUNTY (UNION PACIFIC R. CO. v.). See Case No. 14,384.

## Case No. 11,320.

### In re POTTEIGER.

[5 Reporter, 137.] [1]

Circuit Court, E. D. Pennsylvania. Jan. 4, 1868.

DISCHARGE—LONG DELAY IN APPLICATION.

Where a bankrupt neglects for an unreasonably long time to apply for his discharge, the circumstance that the assignee has not filed a return of no assets will not cure the laches, where no active step has been taken in the bankruptcy proceedings for a long time.

[Appeal from the district court of the United States for the Eastern district of Pennsylvania.]

Potteiger was adjudged a bankrupt on creditors' petition, and in default of appearance, February 17, 1868. No assets came to the hands of the assignee, and he so returned after the filing of the present petition. On February 12, 1877, the bankrupt petitioned for his discharge, and the register reported that the grounds stated in the petition for the adjudication were untrue, and recommended the discharge. The district court refused the discharge on the ground of laches. [Case unreported.]

G. T. Bispham, for bankrupt, appellant. The time within which application for discharge may be made is regulated by Rev. St. § 5108, as amended by Act July 26, 1876 [19 Stat. 102]. "Final disposition of the cause" means, where there are assets, after final settlement; where there are none, after the assignee's return to that effect. Under section 5092, if the assignee neglect to call a meeting at the end of the three months any creditor

may apply. In re Litchfield [Case No. 8,398]. Therefore the creditor can always bring about a settlement in a reasonable time, and the bankrupt cannot injure him by delay.

Before McKENNAN, Circuit Judge, and CADWALADER, District Judge.

THE COURT held that the application was made too late; that it was within the power of the bankrupt to have had a return of no assets made at any time by the assignee; and therefore, the proceedings having long since come to a practical end, he could not claim that they were pending until the formal return by the assignee. Judgment affirmed.